UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURSEL FLOYD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VETERANS ADMINISTRATION OF UNITED STATES,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00097-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER, FAILURE TO PAY FILING FEE AND FAILURE TO PROSECUTE<br><br>(Doc. 8) |

Plaintiff Hursel Floyd Mitchell ("Plaintiff"), proceeding pro se, initiated this civil action on January 23, 2019. (Doc. 1.) Plaintiff also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). However, Plaintiff's application was incomplete, and failed to identify the amount of monies received from various sources, the amount of cash or monies in his checking or savings accounts and the value of other property. The Court therefore directed Plaintiff to submit a completed application for consideration or pay the filing fee. (Doc. 3.)

On April 11, 2019, Plaintiff submitted a second application to proceed in forma pauperis. As with his original application, Plaintiff's second application also was incomplete. Plaintiff reported only that he received Social Security income, but he did not identify the amount. He also indicated that he no longer had cash, checking or savings or income from any other sources. (Doc.

4.) Due to the insufficiency of this second application, the Court directed Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. Alternatively, the Court indicated that Plaintiff could pay the filing fee in full. (Doc. 5.)

On April 30, 2019, Plaintiff filed the Long Form application to proceed in forma pauperis. (Doc. 6.) According to the application, Plaintiff expected to receive $925.00 in May 2019 as income from real property and interest and dividends. (*Id.* at 1.) He also identified at least two accounts at financial institutions, but he did not identify the amount in those accounts. (*Id.* at 2.) He further identified certain persons or entities owing him monies, with an amount owed to him of $2,944.489.70. (*Id.* at 3.) Plaintiff also anticipated that his income would increase during the next 12 months. (*Id.* at 4.) As a final matter, Plaintiff asserted that he "will pay the fee" for these proceedings, but he does not "have a reliable or honest source." (*Id.*)

Following consideration of the Long Form application, on July 11, 2019, the Court issued findings and recommendations recommending that Plaintiff's applications to proceed in forma pauperis be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. 7.) Plaintiff did not file any objections, and on August 21, 2019, the assigned District Judge issued an order adopting the findings and recommendations and ordering Plaintiff to pay the $400.00 filing fee in full within thirty (30) days. (Doc. 8.) In that order, Plaintiff was warned that his failure to comply with the order would result in dismissal of this action for failure to prosecute. (*Id.* at 2.) More than thirty days have passed, and Plaintiff has not yet paid the filing fee or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S.*

*Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. As Plaintiff's applications to proceed in forma pauperis have been denied, he has failed to pay the filing fee, and he has not otherwise responded to the Court's order, the Court is left with no alternative but to dismiss this action. This action has been pending since January 23, 2019, and can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order of August 21, 2019, (Doc. 8), failure to pay the filing fee and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified

///

///

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 4, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4